# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN COLOR GRAPHICS, INC., | **Case No.: C 04-3518-SBA** |
| Plaintiff, | **ORDER RE:  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| THE ST. PAUL TRAVELERS COMPANIES, INC., et al., | |
| Defendant | |

Defendant Travelers Property Casualty Company of America's ("Travelers") Motion for Summary Judgment came on regularly for hearing at 1:00 on December 13, 2005 before the Honorable Saundra Brown Armstrong in Courtroom 3 of the above-entitled court.

This matter having been fully briefed and all evidence considered, IT IS HEREBY ORDERED that Defendant's Motion be denied in its entirety.  The Court finds that Plaintiff American Color Graphics, Inc. ("American") established with admissible evidence that there are genuine issues of material fact, and Travelers' motion must be denied as a matter of law.

### A.    Background

This matter involves a claim by American that Travelers breached the workers' compensation insurance contract between the parties, and the implied duty of good faith and fair dealing, by various activity in connection with the workers' compensation claim of Aiza Custodio (the "claim").  Among other things, American contends that Travelers assigned personnel to the claim who were untrained, failed to supervise those individuals, failed to

contact relevant witnesses, failed to abide by its own internal procedures for the handling of workers' compensation claims, failed to act upon the many red flags that were indicative of fraud, misrepresented the reports of medical doctors in an electronic system made available to the insured, and misrepresented various facts to American both before the claim was accepted, and thereafter.  As a result, American seeks compensatory and punitive damages.  In response to these allegations, Travelers has filed a motion for summary judgment in which it contends, in essence, that the insurance contract between the parties allowed it the discretion to act in any way it pleases with respect to a workers' compensation claim, so long as it tendered a defense to the claim, and that it cannot be liable for the allegations made by American in this action.  Indeed, counsel for Travelers several times at oral argument that the parties agreed, by virtue of the Agreement, that Travelers could do just what it is alleged to have done in this case.  The Court disagrees.

Travelers admits, for purposes of this motion, that it did not conduct an adequate investigation with respect to the claim.  The parties agree as to the relevant provisions of the insurance policy.  These provisions state:

> We will pay promptly when due the benefits required of you by the workers' compensation law.
>
> We have the right and duty to defend at our expense any claim, proceeding or suit against you for benefits payable by this insurance. We have the right to investigate and settle these claims, proceedings and suits.
>
> …
>
> In consideration of a reduced premium, you have agreed to reimburse us up to the deductible amounts stated in the Schedule at the end of this endorsement for all payments legally required . . . which arises [sic] out of any claim or suit we defend.
>
> We will remain responsible for the full payment of all claims under

> this policy without regard to your ability or intention to reimburse us
> for the deductible amount, provided that this does not release you from
> your obligation to us.

Declaration of Howard E. Fitts ["Fitts Decl."], ¶¶ 4-6 & Ex. A, "Workers Compensation and Employers Liability Policy; A Custom Insurance Policy Prepared for: American Color Graphics, Inc.", AC 327 & TRAV 776.

**B.    Legal Standard**

The Federal Rules of Civil Procedure provide for summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In considering a motion for summary judgment, the court must examine all of the evidence in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).  If the moving party does not bear the burden of proof at trial, he or she may discharge his burden of showing that no genuine issue of material fact remains by demonstrating that "there is an absence of evidence to support the non-moving party's case."  *Celotex Corporation v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  Once the moving party meets the requirements of Rule 56 by showing there is an absence of evidence to support the non-moving party's case, the burden shifts to the party resisting the motion, who "must set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

**C.    Analysis**

Plaintiff has made a showing sufficient to establish the existence of an element essential to its case, namely whether the investigation into the claim conducted by Defendant

was reasonable and conducted in good faith. This issue is essential to Plaintiff's claims of breach of contract, and breach of the implied covenant of good faith and fair dealing.

The duty to conduct a reasonable investigation is inherent in the duty to defend. *See Mariscal v. Old Repulic Life Ins. Co.*, 42 Cal.App.4th 1617, 1623-34 (1996) (insurer breached covenant of good faith and fair dealing when it did not fulfill its duty to thoroughly investigate the claim before denying coverage). The insurance contract between the parties conferred upon the defendant the right to pay benefits on behalf of American when benefits are legally required of Plaintiff under the workers' compensation law. Such a determination obliges Defendant under the contract to conduct a reasonable investigation and in good faith.

While there is no true fiduciary relationship between an insurer and insured, it is "fiduciary-like" and "similar" because this relationship is often characterized by unequal bargaining power in which the insured must depend on the good faith and performance of the insurer. *See Tran v. Farmers Group, Inc.*, 104 Cal.App.4th 1202, 1212 (2002); *Old Republic Ins. Co. v. FSR Brokerage, Inc.*, 80 Cal.App.4th 666, 683 (2000). The exercise of an insurer's discretion in the claims handling process is restricted by the implied covenant of good faith and fair dealing where such exercise may impair the insured's interest under the policy. *See Security Officers Service, Inc. v. State Compensation Ins. Fund*, 17 Cal.App.4th 887, 895-96 (1993). "'Every contract imposes on each party a duty of good faith and fair dealing in each performance and in its enforcement. Simply stated, the burden imposed is that neither party will do anything which will injure the right of the other to receive the benefits of the agreement. Or, to put it another way, the implied covenant imposes upon each party the obligation to do everything that the contract presupposes they will do to accomplish its purposes." *Old Republic Ins. Co. v. FSR Brokerage, Inc.*, 80 Cal.App.4th 666, 683-84 (2000).

Based upon the authority cited by American, and the evidence it presented in its opposition papers, as well as the evidence it presented during oral argument, the Court finds

that American has established that there are several genuine issues of material fact.  For example: (1) whether Travelers performed a reasonable investigation of the claim; (2) whether Travelers' handling of the claim violated its internal standards for defending an investigating claims; (3) whether the claim should have been reviewed by a claims supervisor before Travelers accepted it for compensation; (4) whether Travelers failed to adequately train and/or supervise its employees; (5) whether Travelers acted in bad faith in connection with this matter, including by attempting to mislead its insured before and after accepting the claim; (6) whether Travelers violated the implied covenant of good faith and fair dealing and/or the express terms of the contract by the conduct described above, and other conduct alleged in this action; and (7) whether American is entitled to the damages it seeks, and the amount of such damages.

In light of the discussion above, the Motion for Summary Judgment of Travelers must be DENIED as a matter of law.

**D.** **Defendant's Objections to Plaintiff's December 20, 2005 Proposed Order**

At the close of the summary judgment motion hearing held on December 13, 2005, the Court requested Plaintiff prepare an order for the Court's signature denying Defendant's motion.  The next day, Plaintiff submitted a one page order that did not include any findings or rulings the Court made during the hearing, other than that Defendant's motion for summary judgment was denied.  Consequently, the Court requested Plaintiff to submit a more substantive proposed order for the Court's signature that memorialized in brief the Court's findings and the legal bases for the Court's conclusions.  Plaintiff submitted a revised proposed order on December 20, 2005.  The next day, Defendant filed a Notice of Objection to Plaintiff's December 20, 2005 Proposed Order and requested the Court strike the December

20, 2005 Proposed Order.  As the December 20, 2005 Order was submitted at the request of

the Court the objection is OVERRULED.

      IT IS SO ORDERED.


Dated:  1/27/06

                              SAUNDRA BROWN ARMSTRONG
                              United States District Court Judge