IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AMERICAN COLOR GRAPHICS, INC.,          No. C 04-3518 SBA

        Plaintiff,                             **ORDER**

v.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,

        Defendant.
_____/

This matter comes before the Court on Plaintiff American Color Graphics, Inc.'s Motion to Exclude the Use of Discovery Materials Not Produced during Discovery; to Strike Defendant's Supplemental Expert Reports; for an Order for Defendant to Cooperate in Setting Deposition Dates for Certain Witnesses; and for Request for Sanctions [Docket No. 173]. Having read and considered the arguments presented by the parties in the papers submitted to the Court, and the arguments of counsel at the hearing, the Court hereby GRANTS in part and DENIES in part Plaintiff's Motion to Exclude.

IT IS HEREBY ORDERED as follows:

1.     The Court finds that Defendant had an obligation to produce or supplement all discovery materials in a seasonable manner.

2.     The Court finds that Defendant was in possession, custody and/or control of approximately 1500 pages of documents it failed to produce in a seasonable manner. Specifically, Defendant violated its obligation to produce or supplement all discovery materials in a timely manner when Defendant produced and supplemented certain discovery materials not only following the close of discovery, but after the originally scheduled trial date in this action, even though such documents had been in its possession well before that time. Defendant amended its expert reports as a result of

these documents without seeking leave of Court.

3. Plaintiff was prejudiced by the untimely produced discovery materials, insofar as depositions has already been taken, expert reports had been prepared and depositions of certain experts taken, and Plaintiff prepared for trial based upon the information disclosed by Defendant. As the Court believes that such prejudice can be cured by allowing discovery on these 1500 pages of documents, and making Defendant responsible for all reasonable costs and attorneys' fees related to such discovery, the Court denies Plaintiff's motion to exclude use of the 1500 pages of documents and grants the motion for sanctions.

4. Discovery shall continue so that Plaintiff may examine and gather all relevant information relating to the untimely produced 1500 pages of documents.

5. All reasonable costs, including attorneys' fees, related to any additional discovery, or other items necessitated by the late production of the materials, shall be borne by Defendant. This includes, but is not limited to: (1) any additional or supplemental expert reports, or additional expert disclosures related to the 1500 pages of materials; (2) any supplemental or new depositions related to the 1500 pages of documents; and/or (3) any review and analysis of the materials.

6. Defendant represented that it intended to call Katherine Zalewski as a witness for a sole purpose of authenticating certain documents. Based on that representation, the Court denies Plaintiff's motion to exclude Katherine Zalewski as a trial witness.

7. The Court grants Plaintiff's motion for Defendant to cooperate in the setting of the depositions of certain witnesses.

8. The Court grants Plaintiff's motion to extend the time to conduct discovery as discussed above.

9. A Pretrial Conference shall be held on July 18, 2006 at 1:00 p.m.

10. The parties' motions in limine already filed with the Court are denied without prejudice and shall be re-filed no later than June 27, 2006, if appropriate.

11. The parties shall meet and confer before filing any motion in limine.

1  12. Responses or oppositions to motions in limine shall be due on July 5, 2006.

2  13. The parties shall participate in a settlement conference between now and the Pretrial Conference.

IT IS SO ORDERED.

Dated: 6/29/06

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge