IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AMERICAN COLOR GRAPHICS, INC.,          No. C 04-3518 SBA

         Plaintiff,          **ORDER**

v.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

         Defendant.
_____/

The Pretrial Conference in this matter was held on September 5, 2006. Pursuant to that hearing, IT IS HEREBY ORDERED THAT:

1. Trial time is extended to eight days, with Plaintiff American Color Graphics, Inc. limited to 20 hours of trial time and Defendant Travelers Property Casualty Insurance Company limited to 17 hours.

2. Plaintiff's Motion in Limine No. 1 [Docket No. 178] is granted precluding Defendant's designated expert witness James Sevey from testifying.

3. Plaintiff's Motion in Limine No. 2 [Docket No. 180] is granted in part and denied in part. Defendant's designated expert witness George Williams may testify at trial regarding worker's compensation practice and procedure, what is considered in worker's compensation proceedings, how the proceedings run, what the process is, what the burdens are, what rules apply and what evidence is considered. Williams can also testify regarding the inconsistencies in Custodio's claim that are highlighted by Plaintiff, and how such inconsistencies are considered in a worker's compensation proceeding.

Williams cannot testify regarding claims handling, his medical opinions, or what be believes a worker's compensation judge would have done with Custodio's case. Williams cannot testify as to whether he believes any witness is telling the truth.

4. Plaintiff's Motion in Limine No. 3 [Docket No. 182] is granted in part and denied in part.

Defendant's designated expert witness Steven Bobus can testify as to his education, training, knowledge, skill and experience with respect to packaging cases for worker's compensation fraud referral to district attorneys and the Department of Insurance ("DOI"). Bobus can testify regarding the criteria district attorneys and the DOI consider in deciding whether to accept a worker's compensation fraud referral and prosecute the case, and regarding what types of cases are accepted and rejected. Bobus cannot testify regarding his opinion about the ultimate conclusion of whether a district attorney would accept or reject a referral of Custodio's case and the likely outcome of Custodio's case if she was prosecuted for worker's compensation fraud. Bobus cannot testify that Custodio was confused in her prior deposition or about the tone and demeanor of Plaintiff's counsel in conducting Custodio's deposition.

5. Plaintiff's Motion in Limine No. 4 [Docket No. 184] is granted. The Katherine Zalewski letters do not come into evidence.

6. Defendant's Motion in Limine [Docket No. 177] regarding Mitchell Frankel is granted in part and denied in part. Frankel can testify regarding what constitutes a reasonable claims handling investigation based on industry standards. He can opine as to deficiencies in Defendant's investigation compared to industry standards. However, he cannot opine as to whether Defendant conducted a reasonable investigation of Custodio's claim.

Frankel cannot offer any testimony or opinions on worker's compensation proceedings or worker's compensation fraud. Frankel cannot testify about his opinion regarding Custodio's credibility. Frankel cannot offer any testimony regarding what would have happened to Custodio's claim if it had been litigated in a worker's compensation proceeding.

Frankel cannot testify about Defendant's claims handling using inflammatory language, including but not limited to use of the words "abysmal," "slipshod," "reckless indifference," "deliberate indifference," "the worst claims handling he's seen in 35 years," or provide letter grades (A-F) to Defendant's handling of Custodio's claim. Frankel cannot testify as to whether Defendant should have denied Custodio's claim based on fraud.

7. Defendant's Motion in Limine [Docket No. 176] to preclude evidence of Defendant's financial condition is denied as moot. The parties agreed to a stipulated jury instruction.

8. Plaintiff's Motion to exclude Defendant's experts Williams' and Bobus' supplemental expert reports regarding Custodio's co-workers' transcribed statements is granted.

9. Defendant's Motion in Limine No. 4 [Docket No. 262] is granted in part and denied in part. Plaintiff may present evidence of increased premiums. Plaintiff may not present evidence related to a return of the premium or management time spent pursuing this lawsuit.

10. Defendant's Motion in Limine No. 5 [Docket No. 263] is granted in part and denied in part. Plaintiff's expert Allan Ghitterman may testify as to matters relating to his experience as a worker's compensation attorney, including what a worker's compensation claimant must prove in order to be successful, what factors a worker's compensation judge must take into account, the process of litigating worker's compensation claims, and apportionment.

Ghitterman may not testify as to his opinion of whether or not Custodio's claim was fraudulent. He may not testify about the claims handling process or Custodio's medical condition. He may not testify as to the probable result of Custodio's claim had it been tried. Ghitterman may not use inflammatory language such as "abysmal" and "complete indifference."

11. Defendant's Motion in Limine No. 6 [Docket No. 264] is granted in part and denied in part. Plaintiff's expert Dr. Thomas Sampson may give his opinion as to whether osteoarthritis of the hip could be caused by lifting a 25-pound pallet, but he may not testify as to the cause of Custodio's injury or whether it was work-related. Dr. Sampson may not testify about whether the opinions of Drs. Cremata and Bernhoft were incorrect. However, if Plaintiff is able to lay a foundation demonstrating the relevance of this testimony, the Court will revisit the issue. Sampson may not testify about whether Custodio's claim should have been denied or whether Custodio committed fraud. Sampson may not use inflammatory language.

IT IS SO ORDERED.

Dated: 9/12/06

SAUNDRA BROWN ARMSTRONG
United States District Judge