**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| AMERICAN COLOR GRAPHICS, INC., | No. C 04-3518 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket Nos. 414, 427] |
| TRAVELERS PROPERTY CAS. INS. CO., | |
| Defendant. | |

Defendant Travelers Property Casualty Insurance Co. (Travelers) has filed a Motion for Review of the Clerk's Taxation of Costs [Docket Nos. 414, 427] requesting the Court reduce the taxable costs assessed against Travelers from $82,989.94 to $22,124.70. After reading and considering the arguments presented by the parties, the Court finds this matter appropriate for resolution without a hearing. *See* FED. R. CIV. P. 78. For the reasons that follow, the Court GRANTS in PART Travelers's motion.

## BACKGROUND

In August of 2004, plaintiff American Color Graphics, Inc. (ACG) filed a complaint against Travelers alleging breach of contract and breach of good faith and fair dealing. A jury trial was held in September 2006. The jury found that Travelers breached the contract and awarded nominal damages of seven cents. *See* Docket No. 335 (Jury Verdict). The jury also found that Travelers breached its implied obligation of good faith and fair dealing and awarded AGC $140,000.00. *Id.* AGC filed its original Bill of Costs on November 3, 2006, seeking $99,667.01 in taxable costs. *See* Docket No. 357. Travelers objected to the bill of costs on November 13, 2006. *See* Docket No. 373. On November 21, 2006, ACG filed an Amended Bill of Costs for $94,980.41. *See* Docket No. 376. On November 30th, Travelers filed further objections. *See* Docket No. 383.

On December 14, 2006, the Clerk of Court assessed costs against Travelers in the amount of $82,989.94.

**LEGAL STANDARDS**

Rule 54(d)(1) provides: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." FED. R. CIV. P. 54(d)(1). Rule 54(d)(1) thus creates a presumption that the prevailing party will be awarded its taxable costs. *See Delta Airlines, Inc. v. August*, 450 U.S. 346, 352 (1981); *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006). To overcome this presumption, a losing party must establish a reason to deny costs. *Dawson*, 435 F.3d at 1070.

In *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987), the Supreme Court held that federal courts are limited to assessing those costs enumerated under 28 U.S.C. § 1920. Section 1920 provides that:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Local Rules outline the procedures for requesting and objecting to costs. Rule 54-1(a) provides that "No later than 14 days after entry of judgment or order under which costs may be claimed, a prevailing party claiming taxable costs must serve and file a bill of costs." N.D. Cal. Civ. R. 54-1(a). Local Rule 54-2(a) declares that "Within 10 days after service by any party of its bill of costs, the party against whom costs are claimed must serve and file any specific objections to any item of cost claimed in the bill, succinctly setting forth the grounds of each objection." N.D. Cal. Civ. R. 54-2(a). Rule 54-4(a) adds that "The Clerk may require and consider further affidavits and documentation as necessary to determine allowable costs." N.D. Cal. Civ. R. 54-4(a). Rule 54-4(b) continues that "No sooner than 10 days after a bill of costs has been filed, the Clerk shall tax costs after considering any objections filed pursuant to Civil L.R. 54-2." N.D. Cal. Civ. R. 54-4(b).

Federal Rule of Civil Procedure 54(d)(1) provides that "On motion served within 5 days thereafter [after costs are taxed by the clerk], the action of the clerk may be reviewed by the court." Local Rule 54-5 similarly provides for review of the Clerk's taxation of costs. This rule stipulates that

> Pursuant to FRCivP 54(d)(1), any motion for review of the Clerk's taxation of costs must be filed within 5 days of the entry of the notice of taxation of costs. The motion must conform to the requirements of Civil L.R. 7-2 through 7-5. If no motion is filed within 15 days of the Clerk's taxation of costs, the Clerk's determination of costs shall be final.

N.D. Cal. Civ. R. 54-5.

## ANALYSIS

Travelers's specific objections to costs are addressed in turn.

**1.     Timeliness**

Travelers objects that ACG's Amended Bill of Costs was untimely and therefore should not be considered. Rule 54-1(a) provides that a bill of costs must be served and filed within fourteen days of the judgment or order under which costs are claimed. In this case, judgment was entered on October 24, 2006. *See* Docket No. 352. The original bill of costs was timely filed on November 3, 2006. *See* Docket No. 357. Travelers objected on November 13, 2006. *See* Docket No. 373. ACG filed its amended bill of costs on November 21, 2006. *See* Docket No. 376. On November 30th, Travelers filed further objections. *See* Docket No. 383.

Travelers appears to be arguing that any amendment to a bill of costs must come within fourteen days of judgment to be timely. While the Local Rules do not explicitly provide for amended bill of costs, such amendments are common in federal court. In addition, Travelers has cited no authority that the filing of an amended bill of costs must come within the time period for the filing of the original bill of costs. Indeed, in the case cited by Travelers, *Intermedics, Inc. v. Ventritex, Inc.*, 1993 WL 515879, at *1 (N.D. Cal. 1993), the court considered a revised bill of costs that was submitted outside the time-frame for the filing of the original bill of costs. Moreover, Travelers's position would seem to conflict with Local Rule 54-4(a), which declares that "The Clerk may require and consider further affidavits and documentation as necessary to determine allowable costs." N.D. Cal. Civ. R. 54-4(a). The Court therefore finds that the amended bill of costs, filed one week after Travelers's objection, is not untimely

3

and will therefore proceed to consider the substance of the parties' contentions as to costs.

**2.      Sanctions Software**

Travelers contends that it should not be taxed $22,289.04 for ACG's use of Sanctions software at trial. It argues that not only did ACG mistakenly rely on *Affymetrix, Inc. v. Multilyte Ltd.*, 2005 WL 2072113 (N.D. Cal. 2005), to support its position that the use of Sanctions software is the "type of cost for visual aids [that] is routinely awarded by the Court," but in fact this case disallowed costs for use of animated PowerPoint presentations. The *Affymetrix* court found that "While using animated PowerPoint presentations was admittedly a more engaging method of conveying information, it was not *necessary*. Poster boards would have sufficed." *Affymetrix*, 2005 WL 2072113, at *4 (emphasis in original).

The governing rule here is Local Rule 54-3. This states that "The cost of preparing charts, diagrams, videotapes and other visual aids to be used as exhibits is allowable if such exhibits are reasonably necessary to assist the jury or the Court in understanding the issues at the trial." N.D. Cal. Civ. R. 54-3(d)(5). ACG maintains that the Sanctions software was vital to the presentation of countless documents given the number of documentary exhibits presented, and was critical because it enabled the jury to view the exhibits with precision, detail, and speed. Travelers counters that this was a short trial and that the "countless documents" introduced by ACG amounted to a total of just sixty-one.

Of the $22,289.04 of expenses incurred by the use of the Sanctions software, $12,375.00 was for a video technician. In *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993), *cert. denied*, 510 U.S. 1195 (1994), the Fifth Circuit disallowed fees for a video technician incurred for video depositions because this was not an expense included in section 1920 and was therefore not recoverable. Section 1920 lists six categories of recoverable costs. Fees for a video technician does not easily fit within any of the enumerated categories and therefore the fees for the video technician will not be allowed.

As for the remainder of the Sanctions software costs, ACG has failed to demonstrate they were reasonably necessary. Just as in *Affymetrix*, the use of the Sanctions software may in fact have been a

4

useful means of conveying information, but it does not appear reasonably necessary to the sixty-one documents shown to the jury. The $22,289.04 in costs for the Sanctions software will not be taxed.

Travelers also requests that ACG's overall costs be reduced by twenty percent because it argues that ACG has misled the Court, specifically for the citation to *Affymetrix*. Counsel for ACG has acknowledged misreading the case. There does not appear to be any pervasive misleading of the Court or any evidence of bad faith on the part of ACG. Accordingly, a general reduction of overall costs does not appear warranted.

**3.     Fees for Service of Summons and Subpoena**

Travelers objects to the $977.78 taxed for service of summons and subpoenas, and requests that it be taxed no more than $752.78. Travelers contends that $175.00 was for improper service of process of trial witnesses on counsel for Travelers. It also objects to $50.00 for the expedited service of process on Aiza Custodio. ACG does not address Travelers's objections to these points, and therefore provides no justification for awarding these costs. Accordingly, the Court will reduce these costs by $225.00.

**4.     Fees for Exemplification and Copies of Papers**

Travelers objects to costs for exemplifications and copies of papers that ACG is seeking to recover because Travelers asserts these costs are duplicative of fees and costs ACG is seeking in another motion. ACG does not specifically respond to Travelers's objection with regard to the charge of duplication of costs. On the other hand, Travelers does not identify what costs it alleges overlap with the other motion. Neither side identifies the specific costs in dispute here. Becaues Local Rule 54-2(a) declares that "the party against whom costs are claimed must serve and file any *specific objections* to any item of cost claimed in the bill, succinctly setting forth the *grounds* of each objection," and Travelers has not identified specific objection to the costs awarded by the Clerk for exemplification and copies of papers, Travelers's objection is overruled. N.D. Cal. Civ. R. 54-2(a) (emphasis supplied). In addition, if ACG is seeking duplicative costs in another motion, Travelers may object to any such duplication when that motion is filed and heard.

5

**5.     Fees for Witnesses**

Travelers objects to costs associated with ACG's out-of-state witness (Floyd Childress, Michael Spragge, and Pat Kellick) for five days of travel, meals, and lodging. The Clerk of Court assessed a total of $6,221.92 for witness fees, which Travelers requests be reduced to no more than $3,087.20. Travelers does not challenge the per diem rate charged for the witnesses, as the relevant statute authorizes this to be set by the United States General Services Administration. It objects to the number of days for which the costs are claimed. Travelers contends that five days of witness fees for Childress and Spragge is excessive and unnecessary, and it maintains that three days for Kellick is likewise excessive and unnecessary. Travelers argues that it was unnecessary for the witnesses to be available for these numbers of days before trial and before their actual trial testimony occurred.

ACG counters that courts have routinely awarded costs for witnesses for the time they were available for trial, not merely for the time the witnesses spend testifying at trial, citing to *Haroco, Inc. v. American National Bank and Trust Co. of Chicago*, 38 F.3d 1429, 1442 (7th Cir. 1994), and *Smith v. Board of School Commissioners of Mobile County*, 119 F.R.D. 440, 446 (S.D. Ala. 1988). Resolution of this dispute hinges on a matter of statutory interpretation, which in this case clearly cuts in favor of ACG's position. Title 28 U.S.C. § 1821(b) provides that "A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance." This would appear to cover any time necessarily spent during attendance.

ACG relates that Childress, Spragge, and Kellick are witnesses whose residences were in Tennessee. ACG seeks to recover $2,132.76 for fees paid to Childress; $1,469.96 for fees paid to Kellick; and $2,151.90 for Spragge, which include a per diem rate for each day the witnesses were available for testifying at trial. Given that flights back and forth between California and Tennessee would likely cost more than meals and lodging for five or three days during trial, the costs for the time the witnesses were available to testify seems reasonable and necessary. Therefore, ACG will be allowed

6

to recover these costs and Travelers's motion is denied on this point.

**6.    Additional Objections**

Travelers objects to $377.86 in costs taxed for black-binder trial notebooks. Travelers requests that these costs either be vacated or reduced to $161.94 for the costs of three binders rather than seven.

ACG's response is that the notebooks were necessary because there were over 2,200 pages of trial exhibits and it therefore needed to organize these materials. ACG also relies upon *Intermedics, Inc. v. Ventritex, Inc*., 1993 WL 515879, at *7 (N.D. Cal. 1993), where the court stated that "Ventritex is entitled to recover for reproduction costs of the five copies [of exhibits], plus the binders that were used to organize the exhibits." That case is not entirely persuasive. In *Ventritex*, the court required the party to deliver three sets of exhibits to be provided to the court, and of necessity, the party also had to provide a copy to opposing counsel and it made one copy for itself. Local Rule 54-3(d)(4) declares that "The cost of reproducing trial exhibits is allowable to the extent that a Judge requires copies to be provided." This Court does expect that counsel will provide the Court with a copy of such materials and a copy to be furnished to opposing counsel. Thus, the Court finds that the costs of three binders, one for the Court, one for opposing counsel, and one for the producing party, to be reasonably necessary and will allow for the costs of $161.94

**7.    ACG's Withdrawal of Costs for Depositions**

ACG has agreed to withdraw its request for the costs of various depositions. Namely, it is withdrawing its request for $815.08 for the deposition of James Sevey; $1,646.96 for the deposition of George Williams; $1,575.92 for the deposition of Alan Ghitterman; $279.89 for the deposition of Russell Ghitterman; and $998.94 for the deposition of Thomas Sampson. This totals a voluntary withdrawal of $5316.79 in costs.

**8.    ACG's Requests**

ACG requests that it be allowed to recover for the costs of obtaining daily transcripts and transcripts of various hearings. ACG's requests are in the form of a response to Travelers's motion. ACG, however, does not have a properly submitted motion before the Court to review the Clerk's

assessment of costs. ACG's requests are therefore denied.

## CONCLUSION

The Court reduce the costs taxed to Travelers by $28,046.75 to reflect those costs associated with the Sanctions software, unopposed objections, four black-binder notebooks, and the voluntary withdrawal of costs by ACG. This reduces the $82,989.94 imposed by the Clerk to a total award of $54,943.19 in ACG's favor.

IT IS SO ORDERED.


March 19, 2007                                  _____
                                                Saundra Brown Armstrong
                                                United States District Judge