**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

AMERICAN COLOR GRAPHICS, INC.,

    Plaintiff,

v.

TRAVELERS PROPERTY CAS. INS. CO.,

    Defendant.

No.  C 04-3518 SBA

**ORDER**

[Docket Nos. 453, 463]

Before the Court is defendant Travelers Property Casualty Insurance Company's (Travelers) motion to stay the enforcement of the judgment against it pending appeal [Docket Nos. 453, 463]. Plaintiff American Color Graphics (ACG) is unopposed to the motion.  *See* Docket No. 467.

After reading and considering the arguments presented by the parties, the Court finds this matter appropriate for resolution without a hearing.  *See* FED. R. CIV. P. 78.  For the reasons that follow, the Court GRANTS the motion.

## BACKGROUND

On October 24, 2006, judgment was entered against Travelers in the amount of $.07 for Breach of Contract; $140,000 for Breach of the Implied Obligation of Good Faith and Fair Dealing; and $4,000,000 in punitive damages.[1]  *See* Docket No. 352; *see also* Docket No. 334 (Minute Entry); Docket No. 335 (Jury Verdict).  On February 21, 2007, Travelers filed a notice of appeal of the judgment.  *See* Docket No. 443.

## LEGAL STANDARDS

Enforcement of a final judgment is not generally stayed during the pendency of an appeal. Federal Rule of Civil Procedure 62(d), however, allows for a stay of the execution of the judgment

---

[1] In its motion, Travelers states that judgment was entered against it in the amount of $1,540,000.07.  While Travelers bases the calculations in its motion on this figure, this discrepancy does not affect the analysis given the breadth of Travelers' assets.

pending appeal when the moving party posts a supersedeas bond. Under Rule 62(d)

> When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

A supersedeas bond ensures that the appellee will be able to collect the judgment plus interest should the court of appeals affirm the judgment. *See Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987). Filing the bond allows the stay as a matter of right. *See* FED. R. CIV. P. 62(d).

In lieu of a supersedeas bond, a court may allow for the posting of alternate forms of security. *See Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1367 (9th Cir. 1990) (en banc); *International Telemeter, Corp. v. Hamlin Int'l Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985) (allowing appellant to place money in escrow account as an alternative form of judgment guarantee). A court also has discretion to stay execution of judgment pending appeal without requiring a bond. *See Lightfoot v. Walker*, 797 F.2d 505, 506 (7th Cir. 1986); *Federal Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 759-61 (D.C. Cir. 1980) (Rule 62 "in no way necessarily implies that filing a bond is the only way to obtain a stay"); *Frommert v. Conkright*, 472 F. Supp. 2d 452, 468 (W.D.N.Y. 2007) (whether to require the posting of a bond lies within the district court's discretion); *DeKalb County Sch. Dist. v. J.W.M.*, 445 F. Supp. 2d 1371, 1376 (N.D. Ga. 2006) ("Although the language of Rule 62(d) suggests that the appellant must always post a supersedeas bond in order to obtain a stay on appeal, case law establishes that the district court has discretion as to the amount of the bond, and in some instances, whether to order the posting at all"); *New Access Commc'ns. LLC v. Qwest Corp.*, 378 F. Supp. 2d 1135, 1138 (D. Minn. 2005) (the court is authorized to waive the bond requirement and stay the enforcement of the judgment pending appeal without a bond).

**ANALYSIS**

Travelers maintains that it has net assets of $256,735,805.00, a policyholders' surplus of $89,682,927.00, and total direct premium written for $4,173,646,091.00. *See* Docket No. 455 (Doody

1  Decl. at ¶ 3). Given the magnitude of its assets, Travelers contends that the judgment against it will not
2  materially affect its financial condition. The purchasing of a supersedeas bond will simply increase the
3  costs for the parties, including ACG, should Travelers prevail on appeal. In order to ensure its solvency
4  during appeal, Travelers has represented that it "will submit copies of its quarterly and annual financial
5  statements to ACG and the Court while the appeal is pending." Docket No. 453, at 5.

6  Plaintiff ACG does not oppose the motion to stay the enforcement of judgment. *See* Docket No.
7  467. It also states that it "waives the requirement that Travelers post a supersedeas bond in accordance
8  with F.R.C.P. 62(d)." *Id.*

9  Because it appears there is no dispute that Travelers will be able to pay the judgment, and
10 because the purpose of a supersedeas bond is to protect the appellee's ability to collect the judgment and
11 in this case the appellee is unopposed to the granting of a stay without a supersedeas or other bond,
12 Travelers' motion is granted.

### CONCLUSION

Accordingly, the Court GRANTS defendant Travelers Property Casualty Insurance Company's unopposed motion to stay the enforcement of the judgment against it pending appeal [Docket Nos. 453, 463]. The Court further ORDERS that:

1. Enforcement of the October 24, 2006 judgment is stayed pending appeal;
2. In lieu of a supersedeas bond, Travelers shall submit its quarterly and annual financial statements filed with the California Department of Insurance to the Court and plaintiff ACG pending appeal to demonstrate Travelers' continued solvency and ability to satisfy the judgment; and
3. In the event there is a material change in Travelers' financial condition, Travelers shall, upon showing by ACG that Travelers does not have the present ability to satisfy the judgment, post a supersedeas bond in the amount of 125% of the judgment in order to maintain the stay of enforcement of the judgment pending

1 | appeal.
2 | IT IS SO ORDERED.
3 | May 22, 2007

_Saundra B Armstrong_
Saundra Brown Armstrong
United States District Judge

4